IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK HENRY BUSH            *
         Plaintiff,
    v.                  *    CIVIL ACTION NO. DKC-06-3016

RALPH L. WARREN, ESQUIRE    *
         Defendant.
                  ***

## <u>MEMORANDUM</u>

On November 14, 2006, Patrick Henry Bush, a state inmate housed at the Eastern Correctional Institution in Westover, Maryland, filed this 42 U.S.C. § 1983 Complaint against his private attorney. According to the statement of facts, beginning May 16, 2002, Mr. Warren was retained to represent Plaintiff in two state court criminal matters.   Plaintiff claims that Defendant provided incompetent representation and admitted doing so at Plaintiff's October 26, 2006 post-conviction hearing.  Paper No. 1 at Attachment.   Specifically, Plaintiff claims that Defendant:

    (1)    Failed to subpoena exculpatory witnesses and evidence for the July, 2002 trial;

    (2)    Concealed exculpatory evidence (the victim's hospital records) from Plaintiff prior to and at trial;[1]

    (3)    Failed to investigate hospital medical records;

    (4)    Failed to consult with a medical expert;

    (5)    Failed to present exculpatory evidence at the sentencing hearing;

    (6)    Knowingly made a false statement to Plaintiff and the trial court that he was prepared and ready to proceed to trial on July 26, 2002;

---

[1]    Plaintiff claims that after trial he was able to obtain the hospital records and to consult with an expert who offered an opinion that: (1) the victim's injuries occurred more than 24 hours prior to the alleged  criminal act; (2) the victim was not hit with a weapon; and (3) the injuries were caused by a fall backward.  Paper No. 1 at Attachment.

(7)     Failed to make a reasonable and diligent effort to represent Plaintiff; and

(8)     Permitted the prosecutor to knowingly use perjured testimony and false evidence to secure a July 30, 2002 conviction.

Paper No. 1 at Attachment.

Plaintiff claims that as a result of Defendant's acts and omissions he suffered damages including his wrongful conviction and excessive sentence.   He seeks $1,000,000.00 in cumulative damages.   Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted.   The § 1983 Complaint shall, however, be dismissed *sua sponte* as legally frivolous.

The jurisdictional and threshold requirements of §1983 civil actions are that a substantial federal question be asserted and that the named defendant be acting "under color of" state law.   *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).   A defense attorney, whether privately retained or court-appointed, represents only his client, not the state.   *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976).   Thus, Mr. Warren does not act "under color of" state law and is not amenable to damage liability under §1983.[2]

Because Plaintiff's § 1983 Complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed as legally frivolous pursuant to 28 U.S.C. §1915(e).[3]   Plaintiff is hereby notified that he

---

[2]     The cause of action also fails to meet the threshold requirements for filing a tort complaint under this court's 28 U.S.C. § 1332 diversity jurisdiction.   *See Bush v. Warren*, Civil Action No. DKC-06-2917 (D. Md.)

[3]     28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under §1915(e) or Rule 12(b)(6).[4]       A separate Order follows dismissing this case pursuant to 28 U.S.C. § 1915(e).


Date:      11/20/06                              _____/s/_____
                                                DEBORAH K. CHASANOW
                                                United States District Judge

---

(A)   the allegation of poverty is untrue; or
(B)   the action or appeal--
(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[4]      28 U.S.C. § 1915(g) states as follows:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.